MANSFIELD & SWETT, INCORPORATED, PROSECUTOR, v. TOWN OF WEST ORANGE, THE MAYOR AND BOARD OF COMMISSIONERS OF THE TOWN OF WEST ORANGE, AND THE PLANNING BOARD OF THE TOWN OF WEST ORANGE, RESPONDENTS.

Submitted October term, 1936—Decided May 8, 1937.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutor, *Edward R. McGlynn.*

For the respondents, *Alfred J. Grosso* and *Milton M. Unger.*

LLOYD, J.   The writ in this case was issued to review "resolutions and proceedings" taken by the board of commissioners of the town of West Orange and by the planning board of the town concerning a certain plan presented by the prosecutor for approval.

The town of West Orange by its board of commissioners adopted the Planning act of 1930, chapter 235, page 1039 (*Supp. Comp. Stat.* 1925-1930, § *136-4100D(1)), and in pursuance of the authority of that act a planning board was chosen.   This board adopted a master plan for the town as contemplated by the act and the prosecutor presented to the board for its approval a plan called Plan of Shadow Lawn for the development of a large tract of land by division into lots and the creation of streets thereon.   Public hearings were had and the plan, first approved by the board, was later rejected and so reported to the board of commissioners of the

town, which body placed the report on its file without further action.

From the proofs presented we gather nothing but that the plan was rejected by the planning board and that the board of commissioners was advised that no action on its part was required.

The act under which the commissioners acted requires that the "grounds of disapproval of any plat submitted to the planning board shall be stated upon the records of such board." No such reasons are stated.

The whole planning board scheme is attacked by the prosecutor on the ground that it is violative of the rights of private property and therefore unconstitutional. We have examined the act and consider that grave constitutional questions are involved, particularly with respect to the control given by the act to the plotting of lands by the owners of private property. The act prescribes in its twenty-first section that the unconstitutionality of any section or provision of the act shall not affect any section or provision that shall be separable therefrom.

That the legislature may create a planning board for a municipality, which board may adopt a master plan and control the creation or adoption of highways in the municipality may not be open to question, while the further exercise of such control by the planning board over private property beyond that authorized by the constitutional amendment of 1928 may not be within the police or other power possessed by the legislature.

In the absence of statement of the grounds of disapproval no adequate consideration can be given to the problem sought to be presented. To meet this deficiency the record will be remanded to the planning board in order that the grounds of disapproval may be "stated upon its records" as required by the statute.